Ronald L. Richman (SBN 139189)
Tracy Mainguy (SBN 297249)
BULLIVANT HOUSER BAILEY PC
101 Montgomery Street, Suite 2600
San Francisco, CA 94104-4146
Telephone: 415.352.2700
Facsimile: 415.352.2701
E-mail: ron.richman@bullivant.com
tracy.mainguy@bullivant.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and BOARD OF TRUSTEES OF THE LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>Plaintiffs,<br><br>vs.<br><br>HILLSIDE DRILLING, INC., a California corporation,<br><br>Defendant. | Case No. 3:24-cv-01699-VC<br><br>**FIRST AMENDED COMPLAINT FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT; TO RECOVER UNPAID TRUST FUND CONTRIBUTIONS AND LIQUIDATED DAMAGES AND INTEREST ON CONTRIBUTIONS PAID, BUT PAID LATE; AND FOR MANDATORY INJUNCTION** |

Now comes the Plaintiffs, hereinabove named, and for their causes of action against defendant Hillside Drilling, Inc., a California corporation ("Hillside Drilling"), as follows:

## I. JURISDICTION AND VENUE

1. This is an action for damages for breach of the collective bargaining agreement described below, for recovery of unpaid trust fund contributions and for injunctive relief. This Court has jurisdiction of the action under and pursuant to the provisions of 29 U.S.C. §185 (§301 of the Labor Management Relations Act of 1947, as amended) and 29 U.S.C. §§1132(a)(3) and 1132(e)(1) (§§502(a)(3) and 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended) ("ERISA"). The suit arises from defendant's failure to make trust fund contributions as required by its collective bargaining agreement, by the written trust agreements, and by provisions of federal law.

## II. INTRADISTRICT ASSIGNMENT

2. Venue of the within action is properly laid in the U.S. District Court for the Northern District of California in that, under ERISA §502(e)(2), 29 U.S.C. §1132(e)(2), contributions are made to, and benefits are paid from, a corporate co-trustee bank in the Northern District of California.

## III. PARTIES

3. The Laborers Health and Welfare Trust Fund for Northern California, Laborers Vacation-Holiday Trust Fund for Northern California, Laborers Pension Trust Fund for Northern California, and Laborers Training and Retraining Trust Fund for Northern California are the Plaintiffs herein. The Laborers Health and Welfare Trust Fund for Northern California, Laborers Vacation-Holiday Trust Fund for Northern California, Laborers Pension Trust Fund for Northern California, and Laborers Training and Retraining Trust Fund for Northern California ("the Trust Funds" of "plaintiffs") are trust funds organized under and pursuant to the provisions of §§302(c)(5) and 302(c)(6) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§186(c)(5) and 186(c)(6). The Trust Funds were established through collective bargaining agreements between the Northern California District Council of Laborers and employer associations representing construction industry employers doing business in Northern

California. The Trust Funds are employee benefit plans created by written trust agreements subject to and pursuant to §§3(3) and 3(37) of ERISA, 29 U.S.C. §§1002(3) and (37). The Boards of Trustees, as fiduciaries, are the plaintiffs, who sue on behalf of the Trust Funds.

4. Each of the Trust Funds is a third-party beneficiary of the collective bargaining agreement described below.

5. At all times mentioned herein, each of the Trust Funds was an express trust created by a written trust agreement subject to and pursuant to §302 of the Labor Management Relations Act, 29 U.S.C. §186, and a multi-employer benefit plan within the meaning of §§3 and 4 of ERISA, 29 U.S.C. §§1002, 1003.

6. The Trust Funds provide a variety of benefits for laborers, retired laborers, and other related covered employees on whose behalf contributions are made pursuant to collective bargaining agreements. The duties of the Board of Trustees of the Trust Funds include ensuring that employers who are signatories to said collective bargaining agreements comply with the terms of those agreements with respect to payments and contributions to the Trust Funds.

7. Plaintiffs are informed and believe, and upon that ground allege, that at all times material hereto, defendant Hillside Drilling is and was doing business as a general contractor with its principal place of business located in Anderson, California. Plaintiffs are further informed and believe, and upon that ground allege, that defendant Hillside Drilling is and has been an employer within the meaning of §3(5) and §515 of ERISA, 29 U.S.C. §§1002(5), 1145 and an employer in an industry affecting commerce within the meaning of §301 of the LMRA, 29 U.S.C. §185.

## IV. FIRST CLAIM FOR RELIEF

**(Breach of Collective Bargaining Agreement)**

8. Plaintiffs reallege and incorporate by reference, as though fully set forth, the allegations contained in Paragraphs 1-7 of this complaint.

9. On or about September 10, 1996, Hillside Drilling executed a Memorandum Agreement. By virtue of signing the Memorandum Agreement, Hillside Drilling became bound to a written collective bargaining agreement with the Northern California District Council of Laborers ("Laborers Union") entitled the Laborers' Master Agreement for Northern California

("Master Agreement"). In agreeing to be bound to the Master Agreement, Hillside Drilling further agreed to be subject to and bound by all provisions and conditions of the written Trust Agreements which established the Trust Funds. Pursuant to the provisions of the Master Agreement, Hillside Drilling agreed to be bound by all terms relating to wages, hours and conditions of employment prescribed therein with the Laborers Union.

10. By virtue of the Master Agreement and written trust agreements, Hillside Drilling promised and agreed that (1) it would pay employee fringe benefit contributions into each Trust Fund in regular monthly installments commencing on or before the 15th day of the month immediately succeeding the month in which the employee's work was performed; (2) that in the event that any of said monthly installments were not paid in full on or before the 25th day of the month in which such contributions became due, it would pay interest on the delinquent contribution in the amount of 1.5% per month until paid in full, and would also pay the amount of $150 for each delinquent contribution as liquidated damages, and not as a penalty; and (3) that if any suit with respect to any of said contributions or payments were filed against it, it would pay into said Trust Funds the attorneys' fees, costs and all other expenses incurred in connection with such suit.

11. On April 24, 2020, Hillside Drilling and Northern California Laborers Joint Apprenticeship Training Committee entered into the CCL APPRENTICE SPONSORSHIP AGREEMENT (the "CCL"). Dalton Levin was hired by Hillside Drilling on April 24, 2020 as an approved apprentice via Local 185 under the CCL at the sixty-five percent rate for sponsored apprentices. Thereafter, Dalton Levin Submitted documents to the Northern California Joint Apprenticeship Committee relating to his prior construction experience. On May 27, 2020, Dalton Levin received a letter from the Northern California Joint Apprenticeship Training Center honoring documents he submitted to the Committee as proof of previous construction experience.

12. Hillside Drilling incorrectly reported hours worked by member Dalton Levin, from May 2020 through July 2021, as having been performed at the Apprentice 1 classification. This is in error, as Mr. Levin was moved to the Apprentice 2 classification on April 24, 2020.

Consequently, Hillside Drilling failed to report and pay contributions for the period May 2020 through July 2021, inclusive, in the principal amount of $38,678.31.

13. An audit was conducted by the Trust Funds covering the period beginning June 2022 to June 2024 which reveals that Hillside Drilling failed to report contributions in the amount of $51,480.72 to the Trust Funds owed based upon work performed by its employees under the Master Agreement, and thus owes the unreported, unpaid contributions in the amount of $51,480.72 and liquidated damages (interest ) in the amount of $13,291.96. Demand has been made for such amounts. Defendant has failed and/or refused to pay such amount to date.

14. The Master Agreement between the Laborers Union and Hillside Drilling has never been terminated.

15. Plaintiffs have performed all conditions, covenants and promises on their part to be performed in accordance with the terms and conditions of the Master Agreement and Trust Agreements.

16. Within the past four years, Hillside Drilling materially breached and broke the aforesaid Master Agreement and trust agreements, in the following respects:

    (a) by failing to report and pay contributions in the amount of $51,480.72 and liquidated damages (interest) in the amount of $13,291.96 revealed as owed by the audit of Hillside Drilling's books and records covering the period June 2022 to June 2024 conducted by plaintiffs.

    (b) by failing to report, and failing to pay (not reported, not paid) all employee trust fringe benefit contributions on behalf of Dalton Levin, one of its covered employees, for the period May 2020 through July 2021, inclusive, in the principal amount of $38,678.31, according to proof at trial; and

    (c) by failing to pay interest and liquidated damages in the amount of $23,643.10 (as of February 6, 2024) based on the not reported, not paid hours of covered work performed by Dalton Levine during the period May 2020 through July 2021, according to proof at trial.

17. The aforesaid material breaches proximately caused damages to plaintiffs in the following approximate amounts, all according to proof at trial for unpaid contributions (not reported, not paid), in the principal amount of $90,159.03. Interest will continue to accrue at the rate of 1.5% each month during the pendency of this lawsuit.

18. Plaintiffs have incurred and will continue to incur attorneys' fees in the within action. Pursuant to the provisions of the Master Agreement and the trust agreements, Plaintiffs request that the Court award plaintiffs their attorneys' fees and costs incurred in the bringing of this action.

WHEREFORE, plaintiffs pray for judgment as set forth below.

## V. **SECOND CLAIM FOR RELIEF**

**(Recovery of Unpaid Trust Fund Contributions)**

**(ERISA §§502(g)(2), 515)**

19. Plaintiffs reallege and incorporate by reference, as though fully set forth, the allegations contained in Paragraphs 1-18 of this complaint.

20. ERISA §515, 29 U.S.C. §1145, requires defendant to make such contributions to the plaintiffs Trust Funds as are required under the terms of its collective bargaining agreement with the Union. Pursuant to the provisions of their trust agreements, plaintiffs are entitled to enforce Hillside Drilling's obligations to make those contributions.

21. An audit was conducted by the Trust Funds covering the period beginning period June 2022 to June 2024 which reveals that Hillside Drilling failed to report contributions in the amount of $51,480.72 to the Trust Funds based upon work performed by its employees under the Master Agreement, and thus owes the unreported, unpaid contributions in the amount of $51,480.72 and liquidated damages (interest ) in the amount of $13,291.96. Demand has been made for such amounts. Defendant has failed and/or refused to pay such amount to date.

22. Hillside Drilling failed to report, and failed to pay (not reported, not paid) all employee trust fringe benefit contributions owed based upon work performed by Dalton Levin, one of its covered employees, for the period May 2020 through July 2021, inclusive, in the principal amount of $38,678.31, according to proof at trial. Hillside Drilling is further obligated

by the provisions of the Master Agreement and the Trust Agreements to pay interest on unpaid contributions at the rate of 1.5% per month until paid and liquidated damages in the amount of $150 for each month that defendant failed to timely report and pay all employee fringe benefit contributions into each Trust Fund.

23. Pursuant to the provisions of ERISA, §502(g)(2), 29 U.S.C. §1132(g)(2), plaintiffs are entitled to the following statutory relief:

(a) Section 502(g)(2)(A): for unpaid contributions, not reported, not paid, in the principal amount of $51,480.72 owed based upon work performed by the employees identified in the audit of Hillside Drilling's books and records covering the period June 2022 through June 2024, according to proof at trial;

(b) Section 502(g)(2)(A): for unpaid contributions, not reported, not paid, based upon work performed by Dalton Levin, one of its covered employees, for the period May 2020 through July 2021 in the principal amount of $38,678.31, according to proof at trial;

(c) Section 502(g)(2)(B): for contributions not reported and not paid, an award of interest on the unpaid fringe benefit contributions at the rate of 1.5% per month, from the date of the delinquency, until the date of judgment; and

(d) Section (g)(2)(C): the additional award of an amount equal to the greater of (i) interest on the unpaid fringe benefit contributions at the rate of 1.5% per month, from the date of the delinquency, until the date of judgment or;
(ii) liquidated damages under the Master Agreement and trust agreements of $150 for each month that defendant failed to timely report and pay all employee fringe benefit contributions into each Trust Fund.

///
///
///
///

24. Plaintiffs have incurred and will continue to incur attorneys' fees in the within action. Pursuant to the provisions of §502(g)(2)(D) of ERISA, 29 U.S.C. §1132(g)(2)(D), plaintiffs request that the Court award plaintiffs their attorneys' fees and costs incurred in the bringing of this action.

WHEREFORE, plaintiffs pray for judgment as set forth below.

## RELIEF REQUESTED

1. On the First Claim for Relief for damages for breach of the collective bargaining agreement, for judgment against Hillside Drilling as follows:

   (a) for unpaid contributions not reported, not paid in the amount of $51,480.72 revealed as owed by the audit of Hillside Drilling's books and records covering the period June 2022 to June 2024 conducted by plaintiffs.

   (b) for unpaid contributions not reported, not paid, in the amount of $ 38,678.31 based upon covered work performed by Dalton Levine for the period May 2020 through July 2021, according to proof at trial;

   (c) for interest and liquidated damages in an amount according to proof at trial; and

   (d) for such other or further amounts as may be shown at trial, for costs of suit, attorneys' fees and for such other further relief as the Court may deem just and proper.

2. On the Second Claim for Relief for recovery under ERISA §502(g)(2), 29 U.S.C. §1132(g)(2), for judgment against Hillside Drilling as follows:

   (a) Section 502(g)(2)(A): for unpaid contributions, not reported, not paid, in the principal amount of $51,480.72 owed based upon work performed by the employees identified in the audit of Hillside Drilling's books and records covering the period June 2022 through June 2024, according to proof at trial;

   (b) Section 502(g)(2)(A): for unpaid contributions, not reported, not paid, owed based upon work performed by Dalton Levin, one of its covered

employees, for the period May 2020 through July 2021 in the principal amount of $38,678.31, according to proof at trial;

(b) Section 502(g)(2)(B): for contributions not reported and not paid, an award of interest on the unpaid fringe benefit contributions at the rate of 1.5% per month, from the date of the delinquency, until the date of judgment;

(c) Section (g)(2)(C): the additional award of an amount equal to the greater of

(i) interest on the unpaid fringe benefit contributions at the rate of 1.5% per month, from the date of the delinquency, until the date of judgment or;

(ii) liquidated damages under the Master Agreement and trust agreements of $150 for each month that defendant failed to timely report and pay all employee fringe benefit contributions into each Trust Fund; and

(d) such other or further amounts as may be shown at trial, for costs of suit, attorneys' fees and for such other further relief as the Court may deem just and proper.

DATED: November 11, 2024

BULLIVANT HOUSER BAILEY PC

By _____
Ronald L. Richman
Tracy L. Mainguy

Attorneys for Plaintiffs