Ronald L. Richman (SBN 139189)
Tracy Mainguy (SBN 297249)
BULLIVANT HOUSER BAILEY PC
101 Montgomery Street, Suite 2600
San Francisco, CA  94104-4146
Telephone:  415.352.2700
Facsimile:  415.352.2701
E-mail:        ron.richman@bullivant.com
                  tracy.mainguy@bullivant.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and BOARD OF TRUSTEES OF THE LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA, <br><br> Plaintiffs, <br><br> vs. <br><br> HILLSIDE DRILLING, INC., a California corporation, <br><br> Defendant. | Case No.: 3:24-cv-01699-VC <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> **DATE:**  May 2, 2025 <br> **TIME:**  10:00 a.m. <br> **CTRM:**  4 <br> **JUDGE:**  Hon. Vince Chhabria <br><br> **VIA ZOOM WEBINAR** |

    Plaintiffs BOARD OF TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA;

BOARD OF TRUSTEES OF THE LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and BOARD OF TRUSTEES OF THE LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA ("Plaintiffs" or "Trust Funds") and Defendant HILLSIDE DRILLING, INC. ("Hillside Drilling") submit this Joint Case Management Statement.

## 1. JURISDICTION AND SERVICE

Plaintiffs filed this lawsuit on March 19, 2024, to collect outstanding employee fringe benefit contributions due to plaintiffs Trust Funds based upon covered work performed by member Dalton Levin, from May 2020 through July 2021.  [Dkt. 1].  Defendant Hillside Drilling was served on April 28, 2024. [Dkt. 12].  Defendant did not respond within 21 days of service of the complaint.  Plaintiffs therefore requested that the Clerk enter default against Hillside Drilling.  The Clerk entered default on June 14, 2024. [Dkt. 15].

Plaintiffs stipulated to set aside the entry of default on June 20, 2024.  [Dkt. 18].

This Court has jurisdiction of the action under and pursuant to the provisions of 29 U.S.C. §185 (§ 301 of the Labor Management Relations Act of 1947, as amended); 29 U.S.C. §§1132(a)(3); 1132(e)(1); 1132(g)(2); and 1145 (§§502(a)(3); 502(e)(1); 502(g)(2); and 515 of the Employee Retirement Income Security Act of 1974, as amended) ("ERISA").  There are no issues regarding service of the complaint.

## 2. BACKGROUND FACTS

### a. Plaintiffs Laborers Trust Funds

Plaintiffs Trust Funds are trust funds organized under and pursuant to the provisions of §§302(c)(5) and 302(c)(6) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§186(c)(5) and 186(c)(6).  The Trust Funds were established through collective bargaining agreements between the Northern California District Council of Laborers and employer associations representing construction industry employers doing business in Northern California.  The Trust Funds are employee benefit plans created by written trust agreements subject to and pursuant to §§3(3) and 3(37) of ERISA, 29 U.S.C. §§1002(3) and (37). The Boards of Trustees, as fiduciaries, are the plaintiffs, who sue on behalf of the Trust Funds.

b. **Defendant Hillside Drilling, Inc.**

On or about September 10, 1996, Hillside Drilling executed a Memorandum Agreement with the Northern California District Council of Laborers ("Memorandum Agreement"). By virtue of executing the Memorandum Agreement, Hillside Drilling became bound to a written collective bargaining agreement with the Northern California District Council of Laborers ("Laborers Union") entitled the Laborers' Master Agreement for Northern California ("Master Agreement"). In agreeing to be bound to the Master Agreement, Hillside Drilling further agreed to be subject to and bound by all provisions and conditions of the written Trust Agreements which established the Trust Funds. Pursuant to the provisions of the Master Agreement, Hillside Drilling agreed to be bound by all terms relating to wages, hours and conditions of employment prescribed therein with the Laborers Union.

By virtue of the Master Agreement and written trust agreements, Hillside Drilling promised and agreed that (1) it would pay employee fringe benefit contributions into each Trust Fund in regular monthly installments commencing on or before the 15th day of the month immediately succeeding the month in which the employee's work was performed; (2) that in the event that any of said monthly installments were not paid in full on or before the 25th day of the month in which such contributions became due, it would pay interest on the delinquent contribution in the amount of 1.5% per month until paid in full, and would also pay the amount of $150 for each delinquent contribution as liquidated damages, and not as a penalty; and (3) that if any suit with respect to any of said contributions or payments were filed against them, it would pay into said Trust Funds the attorneys' fees, costs and all other expenses incurred in connection with such suit.

The Master Agreement between the Laborers Union and Hillside Drilling has never been terminated. By virtue of the Master Agreement and Trust Agreements, defendant further promised and agreed that it would permit an auditor assigned by the Trust Funds to enter upon Hillside Drilling's business premises during business hours, at a reasonable time or times, not less than two (2) working days after such request, to examine and copy its books and records,

papers or reports as may be necessary to determine whether defendant is making full and prompt payment of all sums due to be paid to the Trust Funds.

On or about April 24, 2020, Hillside Drilling and Northern California Laborers Joint Apprenticeship Training Committee entered into the CCL APPRENTICE SPONSORSHIP AGREEMENT (the "CCL"). Dalton Levin was hired by Hillside Drilling on April 24, 2020 as an approved apprentice via Local 185 under the CCL at the sixty-five percent rate for sponsored apprentices. Thereafter, Dalton Levin Submitted documents to the Northern California Joint Apprenticeship Committee relating to his prior construction experience. On May 27, 2020, Dalton Levin received a letter from the Northern California Joint Apprenticeship Training Center honoring documents he submitted to the Committee as proof of previous construction experience.

Plaintiffs allege that Hillside Drilling incorrectly reported hours worked by member Dalton Levin, from May 2020 through July 2021, as having been performed at the Apprentice 1 classification. Plaintiffs contend that this is in error, as Mr. Levin was moved to the Apprentice 2 classification on April 24, 2020. Consequently, Plaintiffs allege that Hillside Drilling failed to report and pay contributions for the period May 2020 through July 2021, inclusive, in the principal amount of $38,678.31 and consequently, also owe interest and liquidated damages in the amount of $23,643.10 (as of February 6, 2024) based on the not reported, not paid hours of covered work performed by Dalton Levine during the period May 2020 through July 2021, according to proof at trial.

An audit was conducted by the Trust Funds covering the period beginning June 2022 to June 2024 which reveals that Hillside Drilling failed to report contributions in the amount of $51,480.72 to the Trust Funds owed based upon work performed by its employees under the Master Agreement, and thus owes the unreported, unpaid contributions in the amount of $51,480.72 and liquidated damages (interest ) in the amount of $13,291.96. Demand was made for such amounts.

In response, Defendant provided documentation disputing the audit results. The Laborers reviewed the documentation, made adjustments based upon the documentation provided and demanded payment of the adjusted audit liability in the amount of $59,538.57.

The Defendant submitted further documentation consisting of Employer Reports of Contributions made to the Southern California Laborers contesting the adjusted audit liability, including documentation based upon which contending that the Defendant did not give credit for 664 hours of work performed by its employees in Morro Bay for which contributions were paid to the Southern California Laborers. The Trust Funds further adjusted the audit liability based upon the documentation provided and demand then payment of the final adjusted amount of $44,269.75. The Laborers informed Defendant that no credit was proper for the 664 hours of work performed by its employees in Morro Bay because Morro Bay is within the jurisdiction of the District Council for the Northern District of California

In response to the final demand for the adjusted audit liability in the amount of $44,269.75, the Defendant requested a credit for 400 hours included and paid pursuant to a prior audit by the Trust Funds of Defendant contending that those 400 hours were for hours for which the Defendant paid contributions to the Southern California Laborers.

The Trust Funds confirmed that the prior audit was closed, the liability was paid and that pursuant to the Refund Policy no credit would be provided to the Defendant for the 400 hours the Defendant contends were paid to the Southern California Laborers. A copy of the Refund policy and final demand for payment of the adjusted audit liability was sent to the Defendant.

Defendant failed to pay the adjusted amount owed and maintains that it entitled to a credits for hours for which it made contributions to the Southern California Laborers which were included in the audit.

    **c.**    **Claims for Relief**

        i.    Pursuant to the First Claim for Relief for Breach of Contract of Collective Bargaining Agreement, Plaintiffs allege Hillside Drilling has materially breached the aforesaid Master Agreement and Trust

|   |   |   |
|---|---|---|
| | | Agreements by failing to pay all employee fringe benefit contributions owed to the Trust Funds under the terms and conditions of the Master Agreement and Trust Agreements. Plaintiffs seek damages and their attorneys' fees in relation to the breach according to proof. |
| | ii. | Pursuant to the Second Claim for Relief Plaintiffs the unpaid contributions owed based upon covered work performed by Dalton Levine and related, liquidated damages, interest and the attorneys' fees associated with collection of such amounts under ERISA, §502(g)(2), 29 U.S.C. §1132(g)(2). |
| | iii. | Pursuant to the Third Claim for Relief Plaintiffs seek the records needed to complete their payroll inspection of Hillside Drilling's books and records to determine if Hillside Drilling complied with the reporting and payment obligations under its collective bargaining agreement with the laborers union. |

**3.** **Legal Issues**

On or about September 10, 1996, Hillside Drilling executed a Memorandum of Agreement with the Northern California District Council of Laborers. By virtue of its execution of the Agreement, Defendant became bound to a written collective bargaining agreement with the Northern California District Council of Laborers ("Laborers Union") entitled the Laborers' Master Agreement for Northern California ("Master Agreement"). In agreeing to be bound by the Master Agreement, Defendant agreed to be subject to and bound by all provisions and conditions of the written Trust Agreements which established the Trust Funds. Pursuant to the provisions of the Master Agreement, Defendant agreed to be bound by all terms relating to wages, hours, and conditions of employment prescribed therein with the Laborers Union.

///

///

///

By virtue of the Master Agreement and written trust agreements, defendant promised and agreed that (1) it would pay employee fringe benefit contributions into each Trust Fund in regular monthly installments, commencing on or before the 15th day of the month immediately succeeding the month in which the employee's work was performed; (2) that in the event that any said monthly installments were not paid in full on or before the 25th day of the month in which such contributions became due, it would pay interest on the delinquent contribution in the amount of 1.5% per month until paid in full, and would also pay the amount of $150 for each delinquent contribution as liquidated damages, and not as a penalty; and (3) that if any suit with respect to any of said contributions or payments were filed against it, it would pay into said Trust Funds the attorneys' fees, costs, and all other expenses, incurred in connection with such suit. The Master Agreement between the Laborers Union and Hillside Drilling has never been terminated.

On April 24, 2020, Hillside Drilling and Northern California Laborers Joint Apprenticeship Training Committee entered into the CCL APPRENTICE SPONSORSHIP AGREEMENT (the "CCL"). Dalton Levin was hired by Hillside Drilling on April 24, 2020 as an approved apprentice via Local 185 under the CCL at the sixty-five percent rate for sponsored apprentices. Thereafter, Dalton Levin Submitted documents to the Northern California Joint Apprenticeship Committee relating to his prior construction experience. On May 27, 2020, Dalton Levin received a letter from the Northern California Joint Apprenticeship Training Center honoring documents he submitted to the Committee as proof of previous construction experience.

Plaintiffs contend that Hillside Drilling incorrectly reported hours worked by member Dalton Levin, from May 2020 through July 2021, as having been performed at the Apprentice 1 classification. Plaintiffs assert that this is in error, as Mr. Levin was moved to the Apprentice 2 classification on April 24, 2020. Consequently, Plaintiffs contend that Hillside Drilling breached the collective bargaining agreement when it failed to report and pay contributions for the period May 2020 through July 2021, inclusive, in the principal amount of $38,678.31, and that Plaintiffs are entitled to such amounts under §502(g) of ERISA along with liquidated damages in the amount of $23,643.10 (as of February 6, 2024) based on the not

reported, not paid hours of covered work performed by Dalton Levine during the period May 2020 through July 2021, according to proof at trial. Plaintiffs also contend that Defendant breached the collective bargaining agreement by failing to pay the hours of contributions owed for covered work revealed as owed by the audit of Hillside Drilling's books and records for the period June 2022 to the last quarter for which the amount of $44,269.75, and that Plaintiffs are entitled to such amounts under §502(g) of ERISA.

**4.    Motions**

Plaintiffs intend to file a motion for summary judgment.

**5.    Amendment Of Pleadings**

Plaintiffs do not contemplate amending the pleadings.

**6.    Evidence Preservation**

Plaintiffs reviewed the Guidelines Relating to Discovery of Electronically Stored Information ("ESI Guidelines"). While Plaintiffs do not anticipate discovery related to ESI, Plaintiffs will continue to try and meet and confer with defendant's counsel pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence which may be relevant to the issues reasonably evident in this action.

**7.    Disclosures**

Plaintiffs and defendant previously agreed to exchange their respective initial disclosures fourteen (14) days after the parties' Rule 26(f) conference scheduled for September 20, 2024. However, those disclosures were not made to date as the Parties were focused on the completing the audit. The parties agree to exchange their initial disclosures fourteen (14) days after the conference set for May 2, 2025.

**8.    Discovery**

The parties have not yet undertaken any formal discovery. Plaintiffs and defendant agree to the following proposed discovery plan pursuant to Fed. R. Civ. Proc. 26(f)(3):

a.    The parties are not requesting any change to the form or requirements for disclosures under Rule 26(a).

///

b. The parties anticipate discovery may be needed on the following subjects: Hillside Drilling's obligations under the Master Agreement and Trust Agreements and alleged contributions due. The parties anticipate discovery can be completed by the end of March 2025;

c. The parties presently are not aware of any issues regarding disclosure or discovery of electronically stored information;

d. The parties presently are not aware of any issues regarding privilege;

e. The parties are not requesting any changes in the limitations on discovery; and

f. The parties are not requesting any orders under Rule 26(c) (protective orders), Rule 16(b) and (c) (pretrial conferences/scheduling/attendance).

**9. Class Actions**

This is not a class action lawsuit.

**10. Related Cases**

There are no related cases.

**11. Relief**

Plaintiffs seek the following damages for Defendant's breach of collective bargaining agreement and trust agreements: (1) principal contributions in the amount of of $38,678.31, according to proof at trial plus interest and liquidated damages in the amount of $23,643.10 (as of February 6, 2024) based upon work performed by Dalton Levin; (2) the audit liability in the amount of $44,269.75; and (3) their attorneys' fees and costs.

**12. Settlement And ADR**

The Parties intend to engage in informal settlement negotiations and are amenable to a referral to mediation.

**13. Consent To Magistrate Judge for All Purposes**

The parties do not consent to having a Magistrate Judge for all purposes.

///

///

///

**14. Other References**

This case is not suitable for binding arbitration, a special master, or Judicial Panel on Multidistrict Litigation.

**15. Narrowing Of Issues**

Plaintiffs believe that they may be able to narrow the issues by agreement, likely through a stipulated set of facts and exhibits, to expedite presentation of evidence at trial.

**16. Expedited Trial Procedure**

Plaintiffs are not yet able to make the determination as to whether this matter may be the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64, Attachment A.

**17. Scheduling**

Plaintiffs and defendant take the position that dates for summary judgment and trial should be set by the Court.

**18. Trial**

Plaintiffs request a non-jury trial. Plaintiffs anticipate the length of trial will not exceed two (2) days. Defendant also requests a non-jury trial and anticipates that the length of trial will not exceed two (2) days.

**19. Disclosure Of Non-Party Interested Entities Of Persons**

Plaintiffs filed its Certificate of Interested Entities on April 5, 2024.  [Dkt. 9]. Defendant has not filed its Certificate of Interested Entities.

**20. Professional Conduct**

Plaintiffs' and Defendant's counsel have reviewed the Guidelines for Professional Conduct for the Northern District of California.

///

///

///

///

///

**21.   Other Matters**

Plaintiffs and Defendant do not have any other matters to identify at this time.

DATED: April 24, 2025

                        BULLIVANT HOUSER BAILEY PC

By _/s/ T.M._____
    Ronald L. Richman
    Tracy L. Mainguy

Attorneys for Plaintiffs

DATED: April 24, 2025

                        SWANSON LAW OFFICE

By _/s/ Yue Zhao_____
    Yue Zhao

Attorneys for Defendant